**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No.:

DEBORAH WITT,

                Plaintiff,

v.

MERCANTILE ADJUSTMENT BUREAU LLC, a New York limited liability company,

                Defendant.

---

**COMPLAINT AND JURY DEMAND**

---

**<u>JURISDICTION</u>**

1.      Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2.      This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter the "FDCPA").

**<u>VENUE</u>**

3.      Venue is proper in this Judicial District.

4.      The acts and transactions alleged herein occurred in this Judicial District.

5.      The Plaintiff resides in this Judicial District.

6.      The Defendant transacts business in this Judicial District.

**<u>PARTIES</u>**

7.      Plaintiff Deborah Witt is a natural person.

8.      The Plaintiff resides in the City of Northglenn, County of Adams, State of Colorado.

9.      The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

10.     The Plaintiff is a "any person" as that term is used in 15 U.S.C. § 1692d preface.

11.     Defendant Mercantile Adjustment Bureau LLC, is a New York limited liability company operating from an address at 165 Lawrence Bell Drive, Suite 100, Williamsville, New York, 14221.

12.     The Defendant's registered agent in the state of Colorado is National Registered Agents, Inc., 1675 Broadway, Suite 1200, Denver, Colorado, 80202.

13.     The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

14.     The Defendant is licensed as a collection agency by the state of Colorado.

15.     The principal purpose of the Defendant is the collection of debts using the mails and telephone.

16.     The Defendant regularly attempts to collect debts alleged to be due another.

17.     The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

**FACTUAL ALLEGATIONS**

18.     Sometime before 2012 the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes namely an amount due and owing on personal account owed to Regional Acceptance (hereinafter the "Account").

19.     The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

20. The Account went into default with Regional Acceptance.

21. After the Account went into default the Account was placed or otherwise transferred to the Defendant for collection.

22. The Plaintiff disputes the Account.

23. The Plaintiff requests that the Defendant cease all further communication on the Account.

24. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

25. The Defendant acted at all times mentioned herein through its employee(s).

26. In the year prior to the filing of the instant action the Plaintiff and the Defendant via its representative(s), employee(s) and / or agent(s) had telephone conversation(s) regarding the Account.

27. The Defendant's purpose for these telephone conversation(s) was to attempt to collect the Account.

28. The telephone conversation(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

29. The telephone conversation(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

30. During the telephone conversation(s) the Defendant and / or representative(s), employee(s) and / or agent(s) of the Defendant while attempting to collect the Account represented to the Plaintiff that she had to pay the Account to get the

Account off of the credit bureau reports and that the Account will stay on the credit bureau reports until it is paid.

31.     The Defendant's representations stated in paragraph 30 were false and were false representations in connection with the collection of a debt, the Account.

32.     Upon information and belief the Defendant kept written documentation and / or computer record(s) that document telephone conversation(s) with the Plaintiff regarding the Account in the year prior to the filing of the instant action.

33.     Upon information and belief the Defendant made audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

34.     Upon information and belief the Defendant made audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

35.     Upon information and belief the Defendant has a copy or copies of the audio recording(s) of some of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

36.     Upon information and belief the Defendant has a copy or copies of the audio recording(s) of all of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action.

37.     Upon information and belief in the time between when it received this Complaint and Jury Demand and when a Answer to this Complaint and Jury Demand was filed on its behalf with the Court the Defendant made an inquiry and/or

investigation as to whether it had any audio recording(s) of any telephone conversation(s) between the Defendant and the Plaintiff.

38. Upon information and belief the Defendant sent copy(s) of any audio recording(s) that it had of telephone conversation(s) between the Defendant and the Plaintiff to the attorney and/or the law firm who employs the attorney who is filing the Answer to this Complaint and Jury Demand on behalf of the Defendant.

39. Upon information and belief the Defendant's copies of the audio recording(s) of its telephone conversation(s) with the Plaintiff in the year prior to the filing of the instant action substantiate the Plaintiff's allegations in this action.

40. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute false or misleading representation(s) or mean(s) and violate FDCPA 1692e preface, e(2)(A), e(8) and e(10).

41. The Defendant and its representative(s), employee(s) and / or agent(s) statement(s) and action(s) constitute unfair or unconscionable means to collect or attempt to collect a debt and violate FDCPA 1692f preface.

42. "The Act is a strict liability statute; violations of the Act do not need to be intentional to be actionable." Smith v. National Credit Systems, Inc., 807 F.Supp.2d 836, 840 (D.Az. 2011).

43. "Because the FDCPA "is a "strict liability statute," Plaintiff need only demonstrate "one violation of its provisions" to be entitled to a favorable judgment." Doshay v. Global Credit and Collection Corporation, 796 F.Supp.2d 1301, 1304 (D.Colo. 2011).

44.     The FDCPA is a remedial statute, it should be construed liberally in favor of the consumer. <u>Johnson v. Riddle</u>, 305 F.3d 1107, 1117 (10th Cir. 2002).

45.     As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

**RESPONDEAT SUPERIOR**

46.     The representative(s) and / or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

47.     The representative(s) and / or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

48.     The representative(s) and / or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

49.     The representative(s) and / or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

50.     The representative(s) and / or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

51.     The representative(s) and / or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

52.     The actions of the representative(s) and / or collector(s) at the Defendant are imputed to their employer, the Defendant.

53.     As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I, FDCPA VIOLATION

54.   The previous paragraphs are incorporated into this Count as if set forth in full.

55.   The act(s) and omission(s) of the Defendant and its representative(s),

employee(s) and / or agent(s) violated the FDCPA, § 1692e preface, e(2)(A),

e(8), e(10) and § 1692f preface.

56.   Pursuant to FDCPA section 1692k the Plaintiff seeks damages, reasonable

attorney's fees and costs.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  U.S. Const. amend. 7.,

Fed. R. Civ. Pro. 38.

## DEMAND FOR RELIEF

**WHEREFORE**, the Plaintiff requests that the Court grant the following:

1.   Judgment in favor of the Plaintiff and against the Defendant.

2.   Damages pursuant to 15 U.S.C. § 1692k(a).

3.   Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4.   Such other and further relief as the Court deems just and proper.

Respectfully submitted,

_s/ David M. Larson         _____
David M. Larson, Esq.
88 Inverness Circle East, Suite I-101
Englewood, CO 80112
(303) 799-6895
Attorney for the Plaintiff